In the Matter of John M. RHAME, III.

No. 281S40.

Supreme Court of Indiana.

Feb. 17, 1981.

## ORDER APPROVING CONDITIONAL AGREEMENT IMPOSING A PUBLIC REPRIMAND

The Disciplinary Commission of the Supreme Court of Indiana and the Respondent herein, John M. Rhame, III, have tendered to this Court a "Statement of Circumstances and Conditional Agreement for Discipline", which agreement more fully appears in words and figures as follows, to-wit:

(H. I.)

And this Court, being duly advised now finds that John M. Rhame, III, a member of the bar of this state, had represented Dick and Connie Parker individually and as attorney for one or more corporations in which the Parkers were the principals. For a period of time, Respondent represented Connie Parker, with Dick's consent, in an ensuing divorce. Subsequently, Connie Parker was arrested as the alleged perpetrator of the alleged murder of Dick Parker. Respondent met with a close mutual friend, Lloyd, who was also a member of the local police department, and related to him the Parker's desperate financial condition and the particulars of their divorce. At the suggestion of Lloyd, Respondent also met with a deputy prosecuting attorney and related to him similar information before Respondent realized that he was revealing privileged communication. Thereafter, Respondent refused to testify and cooperated fully with Connie Parker's defense counsel. He reported these matters to the Disciplinary Commission on a voluntary basis.

By this conduct Respondent revealed a confidence of his client, used a confidence of his client to the disadvantage of the client and used a confidence of his client to the advantage of a third person, in violation of Disciplinary Rules 4–101(B)(1), (2) and (3) of the *Code of Professional Responsibility*. Respondent engaged in conduct that is prejudicial to the administration of justice and conduct that adversely reflects on his fitness to practice law, in violation of Disciplinary Rules 1–102(A)(5) and (6) of the *Code of Professional Responsibility*.

This Court further finds that Respondent has tendered the affidavit required by the provisions of Admission and Discipline Rule 23, Section 17(a). Accordingly, we find that the agreed discipline, a public reprimand, is appropriate in light of the facts of this case.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Conditional Agreement for Discipline tendered in this cause is now accepted and approved. In accordance, therewith, the Respondent, John M. Rhame, III, is to appear at 2:00 P.M., on Monday, March 16, 1981, at the Supreme Court Chambers, Statehouse, Indianapolis, Indiana, for a public reprimand.

IT IS FURTHER ORDERED that the Clerk of this Court shall forward a copy of this Order to the parties in this action and to their attorneys of record.

Costs of this proceeding are assessed against Respondent.

All Justices concur.